IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| GREGORY ANTHONY JACKSON a/k/a Anthony Copeland, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | CV 322-058 |
| WARDEN, FCI YAZOO MEDIUM, | ) ) | |
| Respondent.[1] | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner filed the above-captioned petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, while incarcerated at McRae Correctional Institute. Respondent moves to dismiss the petition, (doc. no. 13), and Petitioner opposes the motion, (doc. no. 19). For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** Respondent's motion to dismiss be **GRANTED**, the petition be **DISMISSED**, this civil action be **CLOSED**, and an appropriate judgment of dismissal be **ENTERED**.

I.   BACKGROUND

On September 28, 2017, Petitioner was arrested and placed in state custody for Possession with Intent to Deliver a Controlled Substance in York County, Pennsylvania, as

---

[1]The Court **DIRECTS** the **CLERK** to update the docket in accordance with the above caption to reflect the warden at Petitioner's current prison as the Respondent.  See Rumsfeld v. Padilla, 542 U.S. 426, 434-35 (2004) (explaining proper respondent in § 2241 case is warden of institution where the petitioner is confined).

well as for a parole violation from the Pennsylvania Department of Corrections for Philadelphia County, Docket Number 0438991-1991. (Doc. no. 13-1, Gandy Decl. ¶ 5 & Attachs. 2-4.) On January 24, 2018, a federal grand jury in the Middle District of Pennsylvania returned a one-count indictment charging Petitioner with distribution of methamphetamine based on the conduct underlying the state drug charge for which Petitioner was arrested on September 28, 2017. United States v. Jackson, No. 1:18-CR-028, doc. no. 1 (M.D. Pa. Jan. 24, 2018) (hereinafter "CR 118-028");[2] see also doc. no. 1, Ex. 1. On January 29, 2018, a writ of habeas corpus *ad prosequendum* issued for Petitioner's appearance to answer the federal drug charge, and the United States Marshal Service ("USMS") took temporary custody of Petitioner, (Gandy Decl. ¶ 7 & Attach. 5); Petitioner was ordered detained pending his federal trial. CR 118-028, doc. nos. 7, 14; doc. no. 1, Exs. 1, 2. During the pretrial proceedings, multiple writs of habeas corpus *ad prosequendum* were issued to obtain Petitioner's presence in federal court. CR 118-028, doc. nos. 28, 29, 48, 49, 65, 68. Although Petitioner's state drug charge was dismissed on December 13, 2018, in favor of the federal prosecution for the same activity, federal writs continued to be issued because Petitioner remained in state custody for the parole violation. (Gandy Decl. ¶ 6 & Attachs. 2, 4, 5.)

After his conviction by a jury, Petitioner was sentenced on September 23, 2019, by United States District Judge Christopher C. Conner to a 121-month term of imprisonment to run consecutive to the anticipated parole violation sentence in Philadelphia County, Docket Number 0438991-1991. (Gandy Decl. ¶ 8 & Attach. 6). On October 11, 2019, the USMS

---

[2]The Court may take judicial notice of another court's records. See United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994); United States v. Rey, 811 F.2d 1453, 1457 n.5 (11th Cir. 1987) (recognizing authority to take judicial notice of court records).

returned Petitioner to the state's primary custody, and the federal judgment in CR 118-028 was lodged as a detainer.  (Gandy Decl. ¶ 9 & Attach. 5.)

The Pennsylvania Board of Probation and Parole revoked Petitioner's parole on May 4, 2020, and recommitted Petitioner to state prison on his original 40-year-sentence in Docket Number 0438991-1991.  (Gandy Decl. ¶ 10 & Attachs. 3, 7, 8.)  When Petitioner was paroled on his state sentence for Docket Number 0438991-1991, on June 15, 2020, the USMS took primary custody of Petitioner pursuant to the federal detainer to serve his sentence for CR 118-028.  (Gandy Decl. ¶ 11 & Attachs. 7, 8, 9, 10.)  His federal sentence was computed to start on June 15, 2020, when he was exclusively in federal custody and was projected at that time for a release date of August 29, 2034.  (Gandy Decl. ¶ 11 & Attach. 12.)

While serving the state sentence for his parole violation, Petitioner - under the name Anthony Moore Copeland - was indicted in a second federal case for illegal reentry.  United States v. Copeland, No. 1:19-CR-305, doc. no. 1 (M.D. Pa. Oct. 23, 2019) (hereinafter "CR 119-305").  Prior to his parole to exclusive federal custody on June 15, 2020, Petitioner's presence in federal court was again obtained via a writ of habeas corpus *ad prosequendum*.  CR 119-305, doc. nos. 4, 5.  On June 15, 2021, after Petitioner's guilty plea, Judge Conner sentenced Petitioner to a 79-month term of imprisonment in this second federal case.  (Gandy Decl. ¶ 12 & Attach. 11.)  Judge Conner ordered this illegal reentry sentence to run consecutive to the undischarged sentence for the drug charges in the first federal case, CR 118-028, and deferred to the state courts on the consecutive or concurrent time for the parole revocation in Docket Number 0438991-1991.  (Id.; CR 119-305, doc. no. 73.)  However, on August 21, 2021, Judge Conner amended the judgment, ordering the sentence in CR 119-305 run concurrent to the undischarged sentence in CR 118-028, and continuing to defer to the state

courts regarding the concurrent or consecutive nature of any state parole revocation sentence in Docket Number 0438991-1991. (Gandy Decl. ¶ 13 & Attach. 13; CR 119-305, doc. no. 77.) The state parole revocation documentation was silent regarding the consecutive or concurrent nature of the sentences. (Gandy Decl. ¶ 12 & Attachs. 7, 10.)

The Bureau of Prisons ("BOP") updated Petitioner's federal sentence computation on August 30, 2021, to reflect the amended judgment, moving Petitioner's projected release date to January 16, 2029. (Gandy Decl. ¶ 14 & Attach. 14.) On December 21, 2021, the BOP received correspondence from the Pennsylvania Parole Board explaining that an error had been made in Petitioner's state parole revocation calculation, so the state corrected the error and clarified it had applied credit to Petitioner's state sentence from March 13, 2012, through January 14, 2019.[3] (Gandy Decl. ¶ 15 & Attachs. 16, 17.) As state officials did not apply credit to the state sentence from January 15, 2019 through March 4, 2020, the BOP updated the computation of Petitioner's federal sentence to reflect this new credit, and Petitioner's current release date is now November 28, 2027, via good conduct time. (Gandy Decl. ¶¶ 15, 16 & Attachs. 1, 2, 16-18.)

Through the administrative grievance procedure, Petitioner demanded credit on his federal sentence for all time spent in custody from his arrest on the drug charges in his first federal case on September 28, 2017, through January 14, 2019. (Doc. no. 1, pp. 12-14.) The BOP denied relief, explaining the time sought - through and including January 14, 2019 - had been applied to Petitioner's state parole revocation sentence and therefore could not be applied

---

[3]State officials originally used the date of the federal judgment in CR 118-028 - September 24, 2019 - as the custody for return to date, rather than the date the Parole Board voted to revoke Petitioner's parole - March 5, 2020. (Cf. Gandy Decl., Attach. 3 with Attachs. 16-17.)

4

to Petitioner's federal term of imprisonment. (Doc. no. 1, p. 14; see also Gandy Decl. ¶ 15-16.) Respondent moves to dismiss the petition, arguing the time Petitioner seeks from September 28, 2017 through January 14, 2019, was credited against his state sentence, and once state officials acknowledged a calculation error on the parole sentence, the additional period of January 15, 2019, though March 4, 2020, was credited against Petitioner's federal sentence. Thus, any additional credit on Petitioner's federal sentence would amount to an award of double credit in violation of 18 U.S.C. § 3585(b). (See generally doc. no. 13.) Petitioner opposes the motion to dismiss, shifting his focus to argue he is entitled to credit for the time he was in the temporary custody of the USMS pursuant to federal writs of habeas corpus *ad prosequendum*.[4] (See doc. no. 19.)

## II. DISCUSSION

### A. Procedure for Computing a Federal Sentence

The issue Petitioner raises concerning the computation of his sentence is governed by 18 U.S.C. § 3585 and Program Statement ("PS") 5880.28 of the Sentence Computation Manual (CCCA of 1984). The relevant portion of 18 U.S.C. § 3585 provides as follows:

> (b) Credit for prior custody.—A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences-

---

[4]Respondent served the motion to dismiss on Petitioner at McRae Correctional Institute on August 9, 2022. (Doc. no. 13, p. 12.) When Petitioner did not respond, on August 30, 2022, the Court granted Petitioner an additional fourteen days to respond, and when there was a mail delivery problem, the deadline was extended again until October 4, 2022. (Doc. nos. 14 -16.) Petitioner was then transferred to a new prison on October 27, 2022. (Doc. no. 18.) In a document dated November 17 and filed November 28, 2022, Petitioner asks that the Court grant him a *de facto* extension of time by accepting his untimely opposition to the motion to dismiss. (Doc. no. 19.) The Court disagrees that any additional extension of time is warranted based on Petitioner's transfer because Respondent's motion was served well over one month and a half prior to Petitioner's transfer. Nonetheless, the Court has considered Petitioner's arguments in the document filed November 28th.

>    (1) as a result of the offense for which the sentence was imposed; or
>
>    (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

This code section establishes two principles of sentence crediting. First, to qualify for a credit, the defendant must have served the time as a result of either the offense underlying the sentence or an offense for which the defendant was arrested after commission of the underlying offense. 18 U.S.C. § 3585(b)(1)-(2).

Second, under no circumstances may a defendant receive double credit for time served prior to sentencing. Section 3585 expresses this principle in two ways, first by providing that a defendant shall receive credit for "any time he has spent in official detention prior to the date the sentence commences." Id. § 3585(b). A defendant must therefore receive credit equal to, but not more or less than, the time in detention prior to sentencing. Section 3585 also provides that a defendant is ineligible for a credit to the extent time in detention has "been credited against another sentence." Id. In sum, when read together, these components of § 3585 provide that one day in presentence detention equals one day of credit that can be applied only once.

"In enacting section 3585(b), 'Congress made clear that a defendant could not receive a double credit for his detention time.'" Rey v. Warden, FCC Coleman-Low, 359 F. App'x 88, 90 (11th Cir. 2009) (per curiam) (citing United States v. Wilson, 503 U.S. 329, 336-37 (1992)). PS 5880.28 similarly provides that "[c]redit will be given for time spent in official detention as a direct result of the federal offense for which the federal sentence was imposed . . . provided it has not been credited against another sentence." PS 5580.28, pp. 1-16, *available*

6

*at* www.bop.gov/policy/progstat/5880_028.pdf (last visited Dec. 9, 2022). The Supreme Court has instructed lower courts that this PS is entitled to at least "some deference." Reno v. Koray, 515 U.S. 50, 61 (1995).

As explained below, Petitioner has received all prior custody credit he is due for the time spent incarcerated prior to imposition of his federal sentence.

### B.     Commencement of Petitioner's Federal Sentence

The Court starts it analysis with a determination of "the date the sentence commences." According to 18 U.S.C. § 3585(a), "[a] sentence to a term of imprisonment commences on the date the defendant is received in custody, awaiting transportation to . . . the official detention facility at which the sentence is to be served." Importantly, a sentence "cannot begin prior to the date it is pronounced, even if made concurrent with a sentence already being served." Coloma v. Holder, 445 F.3d 1282, 1284 (11th Cir. 2006) (quoting United States v. Flores, 616 F.2d 840, 841 (5th Cir. 1980)[5]). As to the meaning of "concurrent," the Eleventh Circuit has "concluded that where a petitioner's second conviction is ordered to run 'concurrent' with the undischarged term of imprisonment from a related first conviction, the second sentence cannot be applied retroactively." DiVito v. Wells, 3:11-CV-005, 2011 WL 5844495 at *4 (S.D. Ga. Oct. 18, 2011) (citing Coloma, 445 F.3d at 1284 & omitting footnote), *adopted by*, 2011 WL 5854944 (S.D. Ga. Nov. 21, 2011). In practice, that means "a sentence cannot begin before the date it is pronounced, 'even if made concurrent with a sentence already being served.'" Lopez-Palomeque v. Stone, No. CV 313-088, 2014 WL 3366044, at *3 (S.D. Ga. July 9, 2014)

---

[5]The Eleventh Circuit adopted as binding precedent all opinions handed down by the former Fifth Circuit prior to October 1, 1981. Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

(quoting Rey, 359 F. App'x at 90) (Bowen, J.); see also PS 5880. 28 at 1-13 ("In no case can a federal sentence of imprisonment commence earlier than the date on which it is imposed."). Here, Petitioner was arrested on September 28, 2017, and placed in state custody based on (1) a new drug charge and (2) a parole violation in Docket Number 0438991-1991 resulting from the conduct underlying that new charge. (Gandy Decl. ¶ 5 & Attachs. 2-4.) Although the new drug charge was dismissed in favor of a federal prosecution in CR 118-028, Petitioner remained in state custody for the parole violation. (Gandy Decl. ¶ 6 & Attach. 2.)

While in state custody for the parole violation, federal authorities "borrowed" Petitioner from the state's primary custody by virtue of multiple writs of habeas corpus *ad prosequendum* so that Petitioner could answer a federal drug charge, resulting in Judge Conner imposing a 121-month sentence on September 23, 2019, to run consecutive to the anticipated parole violation sentence in Docket Number 0438991-1991. (Gandy Decl. ¶¶ 7, 8 & Attach. 5, 6.) On October 11, 2019, the USMS returned Petitioner to the state's primary custody, and the federal judgment in CR 118-028 was lodged as a detainer. (Gandy Decl. ¶ 9 & Attach. 5.)

State officials revoked Petitioner's parole in Docket Number 0438991-1991 and recommitted Petitioner to his original forty-year prison sentence, which Petitioner served in state custody until his parole on June 15, 2020, at which time the USMS took primary custody of Petitioner pursuant to the federal detainer to serve his sentence for CR 118-028. (Gandy Decl. ¶¶ 10, 11 & Attachs. 3, 7, 8, 9, 10.) Therefore, the Court concludes that although Judge Conner imposed the 121-month sentence in September of 2019, that federal sentence was consecutive to the state parole violation sentence and thus did not commence until June 15, 2020, the date state officials relinquished primary custody to federal officials. Thus, the Court turns its attention to the request for prior custody credit prior to that date.

### C. The Credit Petitioner Seeks Has Already Been Applied to His State and Federal Sentences

When the BOP calculated Petitioner's sentence commencing on June 15, 2020, his projected release date was August 29, 2034. (Gandy Decl. ¶ 11 & Attach. 12.) Although Petitioner was indicted on a federal illegal reentry charge in October of 2019, while he was still serving his state parole violation sentence, that second federal case was not resolved until Petitioner pleaded guilty and was sentenced on June 15, 2021. (Gandy Decl., Attach. 11.) Judge Conner imposed a 79-month sentence to run consecutive to the undischarged sentence for the drug charge in the first federal case, CR 118-028, which as explained above, was imposed consecutive to the state parole violation sentence. (Gandy Decl. ¶ 12 & Attach. 11.) After Judge Conner amended the judgment in CR 119-305 for the sentence to run concurrent to the undischarged sentence in CR 118-028, the BOP updated Petitioner's federal sentence computation on August 30, 2021, moving Petitioner's projected release date from August 29, 2034, to January 16, 2029.[6] (Gandy Decl. ¶ 14 & Attach. 14.)

Then again, Petitioner's federal sentence was recalculated on December 21, 2021, when the BOP received correspondence from the Pennsylvania Parole Board explaining that an error had been made in Petitioner's state parole revocation calculation. The state corrected the error and clarified it had applied credit to Petitioner's state parole violation sentence from March

---

[6]As explained above, Judge Conner deferred to the state courts regarding the concurrent or consecutive nature of state parole revocation sentence in Docket Number 0438991-1991 and the state documentation made no explicit mention of how the sentences should run. (Gandy Decl. ¶¶ 12, 13 & Attachs. 7, 10, 13.) Nevertheless, the explanation from the Parole Board concerning the recalculation of Petitioner's sentence in December of 2021 details how the Board calculated the sentence in the parole revocation case and resulted in Petitioner receiving additional credit on his federal sentence, suggesting the state sentence is running concurrently with the federal sentence Petitioner is currently serving. (Gandy Decl., Attachs. 8, 10.)

13, 2012, through January 14, 2019, and because state officials did not apply credit to the state sentence from January 15, 2019 through March 4, 2020 - as they considered that time as applying to Petitioner's federal sentence - the BOP updated the computation of Petitioner's federal sentence to reflect this new credit and new projected release date of November 28, 2027, via good conduct time. (Gandy Decl. ¶¶ 15, 16 & Attachs. 1, 2, 16-18.)

Despite these multiple adjustments to his federal sentence resulting in his originally calculated release date of August 29, 2034 reduced to November 28, 2027, Petitioner asks the Court to award him additional credit on his federal sentence. Petitioner contends he is entitled to credit on his federal sentence for all the time since his arrest on September 28, 2017 until his parole to primary federal custody on June 15, 2020. Even if he is not entitled to the entirety of that period, Petitioner alternatively argues for credit based on all the time the USMS temporarily removed Petitioner from state custody pursuant to federal writs of habeas corpus *ad prosequendum*. (See generally doc. nos. 1, 19.) However, because 18 U.S.C. § 3585 provides that a defendant is ineligible for a credit to the extent time in detention has "been credited against another sentence," and because the USMS only "borrowed" Petitioner from the state's primary custody pursuant to the writs, as discussed below, Petitioner is not entitled to any additional credit on his federal sentence.

Under § 3585(b), time credited to Petitioner's state sentence cannot be credited again to his federal sentence. See Wilson, 503 U.S. at 337; Shepherd v. Warden, USP-Atlanta, 683 F. App'x 854, 855 (11th Cir. 2017) (*per curiam*) (applying Wilson and finding § 2241 petitioner not entitled to federal credit for time previously credited to state sentence). Respondent provides a declaration from Heather Gandy, a BOP management analyst in the area of inmate sentence computation, stating a portion of the period of time for which Petitioner

seeks credit covering September 28, 2017 through January 14, 2019, has already been credited against Petitioner's state sentence. (Gandy Decl. ¶ 4.) Moreover, another portion of the time sought, January 15, 2019, through March 4, 2020, has already been credited against Petitioner's federal sentence. (Gandy Decl. ¶ 15 & Attach 18.) Petitioner does not dispute he has received credit for these challenged periods of time on his various sentences as described herein, including the time he was serving his state parole sentence from March 5, 2020, until his release to federal officials on June 15, 2020. However, Petitioner maintains he is entitled to credit on his federal sentence - regardless of the credit applied to his state sentence - for all of the time from his arrest on September 28, 2017 until he was released to the primary custody of federal officials on June 15, 2020, including particularly the time the USMS removed him from the primary custody of the state via writs of habeas corpus *ad prosequendum*. (Doc. nos. 1, 19.)

Petitioner's claim he is entitled to credit for the time the USMS "borrowed" him to answer his federal charges is without merit, not only because that time was partially credited against his state sentence and then against his federal sentence when the state discovered a calculation error, but also because Petitioner never left the primary custody of state officials. "[W]hen the federal government takes possession of a state prisoner pursuant to a writ of habeas corpus *ad prosequendum,* the state's custody is not interrupted, and thus the prisoner's federal sentence does not begin to run until he is turned over to federal authorities after having served his state sentence. Butler v. Warden, FCC Coleman-Medium, 451 F. App'x 811, 812 (11th Cir. 2011) (*per curiam*) (citing Causey v. Civiletti, 621 F.2d 691, 693 (5th Cir.1980)). The writ is "only a loan of the prisoner to another jurisdiction for criminal proceedings in the receiving jurisdiction." Causey, 621 F.2d at 693. Accordingly, although the USMS

temporarily removed Petitioner from state custody on a "loan" pursuant to a federal writ of habeas corpus *ad prosequendum* to answer the federal charges, the state's custody was never interrupted. See Butler, 451 F. App'x at 812; see also Castro v. Stone, No. CV 321-077, 2022 WL 1217450, at *3 (S.D. Ga. Mar. 25, 2022) (same), *adopted by*, 2022 WL 1215653 (S.D. Ga. Apr. 25, 2022) (Bowen, J.). Thus, Petitioner is not entitled to credit on his federal sentence for the time he was "on loan" from state authorities while serving his state sentence.

Because the time Petitioner seeks is comprised of time that was credited against his state parole sentence in Docket Number 0438991-1991, (Gandy Decl. ¶ 4), as well as time that has already been credited against his federal sentence, (id. ¶¶ 15-16), he is not entitled to double credit for that time on his federal sentence imposed by Judge Conner. See Wilson, 503 U.S. at 337; Shepherd, 683 F. App'x at 855. Therefore, Respondent's motion to dismiss should be granted.

### III.   CONCLUSION

For the reasons set forth above, Petitioner has not shown the calculation of his sentence is in violation of the Constitution, laws, or treaties of the United States as is required to obtain relief under 28 U.S.C. § 2241. Accordingly, the Court **REPORTS** and **RECOMMENDS** Respondent's motion to dismiss be **GRANTED**, (doc. no. 13), the petition be **DISMISSED**, this civil action be **CLOSED**, and an appropriate judgment of dismissal be **ENTERED**.

SO REPORTED and RECOMMENDED this 9th day of December, 2022, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA