IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| GREGORY ANTHONY JACKSON a/k/a Anthony Copeland, | ) ) ) |
| Petitioner, | ) ) |
| v. | ) CV 322-058 ) |
| WARDEN, FCI YAZOO MEDIUM, | ) ) |
| Respondent. | ) |

**O R D E R**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which no objections have been filed. The Magistrate Judge recommended granting the motion to dismiss because all of the time Petitioner seeks in these proceedings already has been credited either against his state or federal sentences. (See doc. no. 20.) The Court granted Petitioner an extension of time to file objections because he provided documentation from the Pennsylvania Parole Board, dated December 5, 2022, suggesting time previously credited to his state sentence was applied in error and recalculating the end date for his state sentence. (Doc. no. 22, pp. 3-7.) Concerned that a change to the state sentence calculation might have changed the determination as to whether Petitioner is impermissibly seeking double credit on his federal sentence, the Court also directed Respondent to investigate the impact, if any, of the December 5th documentation on the calculation of Petitioner's federal sentence. (See doc. no. 24, p. 2.)

Although Petitioner did not file any objections by the extended deadline, Respondent did file the Supplemental Declaration of Heather Gandy, a Management Analyst with the Federal Bureau of Prisons, explaining that the 125-day period identified by Petitioner as a result of receiving the updated documentation from the Pennsylvania Parole Board had, in fact, been credited against Petitioner's state sentence. (See doc. no. 25-1.) Thus, the Court finds that the analysis in the Report and Recommendation should not change. Moreover, if at some point in the future, Petitioner discovers that the December 5, 2022 action of the Pennsylvania Parole Board, or any subsequent state recalculation for that matter, impacts the calculation of his federal sentence, nothing herein prevents Petitioner from using the administrative grievance procedure to challenge any such recalculation and, if necessary, again pursue federal habeas corpus relief based on changed circumstances.

Accordingly, the Court **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion. Therefore, the Court **GRANTS** the motion to dismiss, (doc. no. 13), **DISMISSES** the petition filed pursuant to 28 U.S.C. § 2241, **CLOSES** this civil action, and **DIRECTS** the **CLERK** to enter an appropriate judgment of dismissal.

SO ORDERED this 27th day of January, 2023, at Augusta, Georgia.

UNITED STATES DISTRICT JUDGE

2